UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERNEST J. GLYNN, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:19-cv-00176-NT |
| | ) | |
| MAINE OXY-ACETLYENE SUPPLY CO., et al., | ) ) ) | |
| | ) | |
| Defendants | ) | |
| EUGENE SCALIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20-cv-00326-NT |
| | ) | |
| MAINE OXY-ACETLYENE SUPPLY CO., et al., | ) ) ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTIONS TO CONSOLIDATE AND SCHEDULING ORDER**

The Court held a telephonic conference on May 26, 2021, to discuss certain scheduling issues and Defendants' motions to consolidate (2:19-cv-00176-NT, ECF No. 85; 2:20-cv-00326-NT, ECF No. 30) in the above-captioned cases.[1] After consideration of the relevant issues and the parties' arguments, for the reasons stated on the record and herein, the Court grants in part the motions to consolidate and issues a scheduling order in accordance with the order of consolidation.

---

[1] Carl Paine is a defendant in 2:20-cv-00326-NT only and did not file a motion to consolidate. Defendant Paine, however, does not oppose the request for consolidation. (Response, ECF No. 34.)

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate multiple actions if the actions "involve a common question of law or fact." The consolidation of actions "is merely a procedural device that does not merge separate suits or alter their individual character." *General Contracting & Trading Co. v. Interpole, Inc.*, 899 F.2d 109, 113 (1st Cir. 1990); *see Hall v. Hall*, 138 S. Ct. 1118, 1125-27, 200 L. Ed. 2d 399 (2018). In determining whether consolidation is appropriate, "[t]he threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Seguro de Servicio de Salud v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (emphasis in original). "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.*; *see Peter Condakes Co. v. Sandler Bros.*, No. 09-cv-168-P-S, 2009 U.S. Dist. LEXIS 66762, at *2 (D. Me. Jul. 29, 2009) ("If savings of expense and gains of efficiency can be accomplished without sacrifice of justice, a court may find the actions merit consolidation." (quotation marks omitted)).

Because the two actions involve some common parties, common issues of fact, and common legal issues, consolidation for discovery is warranted. In fact, if the matters were not consolidated for discovery, the potential for duplication of effort in discovery with the related increase in time and expense for the parties could be considerable. While the common parties, facts, and legal issues might also support the consolidation of the matters for trial, the Court believes it is appropriate to assess that issue after the parties have conducted discovery and the disputed issues and evidence in both cases are identified. The Court, therefore, grants in part the motions to consolidate. The Court orders the matters

consolidate for discovery. Defendants may renew their request to consolidate the matters for trial upon completion of discovery.

In accordance with the order of consolidation and the discussion on the record, the Court orders as to both cases:

Deadline for the parties to confer and report to propose discovery limits: June 11, 2021.

Deadline for Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1):  June 18, 2021.

Plaintiffs shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide three proposed deposition dates and a complete statement of all opinions to be expressed and the bases and reasons therefor by: November 1, 2021.

Defendants shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide three proposed deposition dates and a complete statement of all opinions to be expressed and the bases and reasons therefor by: December 15, 2021.

If the expert is retained or specially employed to provide expert testimony in the case or the expert's duties as an employee of a party regularly involve giving expert testimony, the disclosure shall also include the other categories of information specified in Fed.R.Civ.P. 26(a)(2)(B). All required information may, but need not, be provided in the form of a written report prepared and signed by the expert.

Deadline to Complete Discovery:  January 14, 2022.

Counsel are advised that absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline.

Deadline to file Notice of Intent to file Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h):  January 21, 2022.

Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions[2] Challenging Expert Witnesses with Supporting Memoranda:  February 4, 2022.

Expected Trial Date:  This case shall be ready for trial by April 4, 2022.

Further Matters in Aid of Disposition:  Plaintiffs shall make a written settlement demand upon Defendants by December 22, 2021.  Defendants shall respond in writing by January 5, 2022.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of May, 2021.

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999).  Such motions shall include any challenges to lack of qualifications, scope of testimony and any other issues addressed by these decisions.